# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LARRY BURTON, TIMOTHY CLEMONS, PERRY MCCOY

### DEFENDANTS
TEAM CLEAN INC

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103; 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [x] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

Brief description of cause:
FAILURE TO PAY OVERTIME COMPENSATION

## VII. REQUESTED IN COMPLAINT:

[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Mar 5, 2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 104 N 63rd Street, Philadelphia, PA 19139

---

*RELATED CASE IF ANY:*   Case Number:_____   Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☒ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **see certification below**
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

10/2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY BURTON<br>2027 South 70th Street<br>Philadelphia, PA 19142<br><br>TIMOTHY CLEMONS<br>2036 South Norwood Street<br>Philadelphia, PA 19145; and<br><br>PERRY MCCOY<br>6074 Upland Street<br>Philadelphia, PA 19142<br><br>*Individually and on behalf and all others similarly-situated*<br><br>                       Plaintiffs,<br><br>                v.<br><br>TEAM CLEAN INC<br>723 Haverford Road<br>Bryn Mawr, PA 19010<br><br>                       Defendant. | CIVIL NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, Larry Burton, Timmothy Clemons, and Perry McCoy (collectively "Plaintiffs"), hereby bring this action against Defendant Team Clean Inc. ("Defendant"), and allege, upon personal belief as to their own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.  Plaintiffs bring this complaint contending that Defendant unlawfully failed to pay them and other similarly situated individuals employed in the position of Janitor and/or Custodial

Staff, or in positions with substantially similar job duties ("Class Plaintiffs"), overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, et seq.

2. Plaintiffs are current employees of Defendant and are currently employed in the position of Janitor and/or Custodial Staff. Plaintiffs and Class Plaintiffs regularly work more than forty (40) hours per week but are not properly compensated for their work in that Plaintiffs and Class Plaintiffs are not paid an overtime premium at 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek and/or were not properly compensated for all compensable travel time. In this regard, Plaintiffs contend that Defendant unlawfully failed to pay them and Class Plaintiffs overtime compensation for the hours they worked beyond forty (40) hours in a single workweek, as well as certain compensable travel time in violation of the FLSA and PMWA.

3. Accordingly, Plaintiffs contend that they, and Class Plaintiffs, are owed unpaid overtime compensation which was denied them as a result of Defendant's unlawful pay practices.

4. Plaintiffs bring this action as representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

**PARTIES**

5. Plaintiff Larry Burton currently resides at 2027 South 70th Street, Philadelphia, Pennsylvania 19142.

6. Plaintiff Timothy Clemons currently resides at 2036 South Norwood Street, Philadelphia, Pennsylvania 19145.

7. Plaintiff Perry McCoy currently resides at 6074 Upland Street, Philadelphia, Pennsylvania 19142.

8. Defendant Team Clean, Inc. is a domestic business corporation, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered address of 723 Haverford Road, Bryn Mawr, Pennsylvania 19010.

9. Defendant is an "employer" and "enterprise" engaged in commerce and thus covered by the FLSA.

10. Upon information and belief, Defendant is a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

11. Plaintiffs and, upon information and belief, Class Plaintiffs, are employees who were/are employed by Defendant during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

12. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

14. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

15. This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as their federal claims. See 28 U.S.C. § 1367(a).

16. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania and this judicial district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all similarly situated current and former employees of Defendant.

19. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Janitor and/or Custodial Staff, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek and/or due to Defendant's failure to track and compensate them for all compensable travel time ("Class Plaintiffs").

20. Plaintiffs estimate that there are in excess of two hundred (200) other similarly situated individuals who currently or previously worked for Defendant as Janitor and/or Custodial Staff and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices describe

above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this collective action by direct mail and/or publication.

21.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly situated. Plaintiffs and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's denial of overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, or failure to track and compensate them for all compensable travel time, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective Action Complaint, whereby Defendant have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

22.     Plaintiffs will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

**OVERTIME CLASS ACTION ALLEGATIONS**

23.     Paragraphs 1 through 22 are hereby incorporated by reference as though the same were fully set forth at length herein.

24.     Plaintiffs bring this action individually, and on behalf of the following class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

All persons presently or formerly by Defendant in the position of Janitor and/or Custodial Staff, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek and/or due to Defendant's failure to track and compensate them for all compensable travel time ("Class Plaintiffs").

25. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

26. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

    A. Whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

    B. Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiffs and the Class;

    C. Whether Plaintiffs and the Class worked in excess of forty (40) hours per week;

    D. Whether Plaintiffs and the Class were properly compensated for all compensable travel time; and

    E. Whether Plaintiffs and the Class have suffered and are entitled to damages, and if so, in what amount; and

27. Plaintiffs' claims are typical of the claims of the Class Members. Plaintiffs are current employees of Defendant employed in the position of Janitor and/or Custodial Staff who have suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiffs and the Class in the exact same way.

28. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members.

29. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation.

30. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

    A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

    B. Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

    C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

31. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common

claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## **FACTUAL BACKGROUND**

32. Paragraphs 1 through 31 are hereby incorporated by reference as though the same were fully set forth at length herein.

33. Mr. Burton began his employment with Defendant in or around November 2021, when he was hired into the position of Janitor and/or Custodial Staff.

34. Mr. Clemons began his employment with Defendant in or around May 2021, when he was hired into the position of Janitor and/or Custodial Staff.

35. Mr. McCoy began his employment with Defendant in or around August 2023, when he was hired into the position of Janitor and/or Custodial Staff.

36. At all times relevant hereto, Defendant considered Plaintiffs, as well as all Janitors and/or Custodial Staff to be hourly employees, making them non-exempt employees within the meaning of the FLSA and PMWA's overtime requirements.

37. As Janitors and/or Custodial Staff, Plaintiffs, and upon information and belief, Class Plaintiffs, Plaintiffs are assigned by their manager to work at specific client locations, including, but not limited to the Philadelphia International Airport, the Kimmel Center, and Stenton Family Manor, to name a few examples.

38. Plaintiffs can work at one location per day, or multiple locations per day, without any breaks between jobs.

39. Plaintiffs are provided cleaning supplies by Defendant, with one person in charge of cleaning supplies and that person bringing the supplies to the job site.

40. Plaintiffs routinely work more than forty (40) hours per workweek to complete their job duties of cleaning the sites to which they are assigned.

41. By way of example, during the workweek of November 6, 2023 to November 12, 2023, Mr. Burton worked seventy-six (76) hours and did not receive overtime compensation for all hours worked over forty (40).

42. During the workweek of December 25, 2023 to December 31, 2023, Mr. Burton worked sixty-three and one half (63.50) hours and did not receive overtime compensation for all hours worked over forty (40).

43. During the workweek of April 14, 2024 to April 21, 2024, Mr. Burton worked seventy-two (72) hours and did not receive overtime compensation for all hours worked over forty (40).

44. During the workweek of December 25, 2023 to December 31, 2023, Mr. Clemons worked sixty-eight (68) hours and did not receive proper overtime compensation for all hours worked over forty (40).

45. During the workweek of January 13, 2025 to January 19, 2025, Mr. Clemons worked sixty-two (62) hours and did not receive any overtime compensation.

46. During the workweek of February 17, 2025 to February 23, 2025, Mr. Clemons worked sixty-nine and one half (69.50) hours and did not receive overtime compensation for all hours worked over forty (40).

47. During the workweek of December 2, 2024 to December 8, 2024, Mr. McCoy worked seventy-one and one half (71.50) hours and did not receive any overtime compensation.

48. During the workweek of January 13, 2025 to January 19, 2025, Mr. McCoy worked sixty-two (62) hours and did not receive any overtime compensation.

49. During the workweek of January 20, 2025 to January 26, 2025, Mr. McCoy worked seventy-three and one half (73.50) hours and did not receive overtime compensation for all hours worked over forty (40).

50. Despite regularly working over forty (40) hours per week, Plaintiffs do not/did not receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours they worked over forty (40) in a workweek.

51. The variable ways in which Defendant has compensated Plaintiffs for hours worked over forty (40) in a workweek and its efforts to avoid paying its employees 1.5 times their regular rate of pay for all hours they worked over forty (40) in a workweek evidences the willfulness of Defendant's violations of the FLSA.

52. When Plaintiffs and Class Plaintiffs work more than one job per day, Plaintiff and Class Plaintiffs are not always compensated for their travel between job sites.

32. By occasionally compensating Plaintiffs and Class Plaintiffs for travel time, Defendant is knowingly withholding compensation for travel time conducted for business purposes during normal business hours by failing to properly count all compensable travel time worked by Plaintiff and Class Plaintiffs towards their "hours worked" in violation of the FLSA and PMWA.

53. The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA.

54. Plaintiffs and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the exemptions for executive or administrative employees under the FLSA/PMWA.

55. Plaintiffs and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gave substantial weight.

56. Accordingly, Plaintiffs and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

57. Plaintiffs and Class Plaintiffs do not perform non-manual office work directly related to Defendant's management or general business operations, performing as they do manual labor as their principal job activity, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant's management or general business operations.

58. Accordingly, Plaintiffs and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

59. Finally, there are/were no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiffs and Class Plaintiffs.

60. Plaintiffs and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

61. As a result of Defendant's aforesaid illegal actions, Plaintiffs and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

62. Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

63. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

64. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

65. Defendant denied Plaintiffs and Class Plaintiffs overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek and failed to track and compensate them for all compensable travel time.

66. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

67. Defendant's actions are willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

68. Defendant is liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

    A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

        B.      An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Janitor and/or Custodial Staff, and authorizing Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

        C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

        D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiffs and Class Plaintiffs for work performed in excess of forty (40) hours per week;

        E.      Awarding Plaintiffs and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

        F.      Awarding Plaintiffs and Class Plaintiffs liquidated damages in accordance with the FLSA;

        G.      Awarding Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

        H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

  I. Granting Plaintiffs and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

  J. For all additional general and equitable relief to which Plaintiffs and Class Plaintiffs may be entitled.

<b>COUNT II<br>
PENNSYLVANIA MINIMUM WAGE ACT OF 1968<br>
43 P.S. § 333, <i>et seq.</i><br>
<u>FAILURE TO PAY OVERTIME COMPENSATION</u></b>

69. Paragraphs 1 through 68 are hereby incorporated by reference as though the same were fully set forth at length herein.

70. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. <u>See</u> 43 P.S. § 333.113.

71. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than on and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. <u>See</u> 43 P.S. § 333.113.

72. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiffs and Class Plaintiffs.

73. As a result of Defendant's unlawful acts, Plaintiffs and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are/were entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class Plaintiffs, pray for judgment against Defendant as follows:

  A. An Order certifying this case as a class action and designating Plaintiffs as the representatives of the Class and their counsel as class counsel;

  B. An award to Plaintiffs and Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

  C. An award to Plaintiffs and Class Plaintiffs of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

  D. An award to Plaintiffs and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Mary Kramer*_____
   Mary Kramer, Esquire
   Michael Groh, Esquire
   Eight Penn Center, Suite 2000
   1628 John F. Kennedy Blvd.
   Philadelphia, PA 19103
   TEL: 267-273-1054
   FAX: 215-525-0210
   mkramer@phillyemploymentlawyer.com
   mgroh@phillyemploymentlawyer.com
   Attorney for Plaintiff

Dated: March 5, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.