**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LARRY BURTON et al., | : |
| | : |
| Plaintiffs, | : |
| v. | : |
| | : Civil Action No. 2:25-cv-01185 |
| TEAM CLEAN INC., | : |
| | : |
| Defendant. | : |
| | : |

**DEFENDANT TEAM CLEAN INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH**
**AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant Team Clean Inc., by and through its undersigned counsel, Kaufman Dolowich LLP, answers Plaintiffs' Complaint and asserts affirmative defenses as follows:

**NATURE OF THE ACTION**

1. Defendant neither admits nor denies the allegations contained in this paragraph as they are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations, except to admit only that Plaintiffs assert this civil action against Defendant.

2. Defendant admits that the named Plaintiffs are current employees of Defendant. Defendant denies the remaining allegations in this paragraph both factually and as conclusions of law.

3. Defendant denies the allegations in this paragraph both factually and as conclusions of law.

4. Defendant admits only that Plaintiffs bring this action as a representative action under the FLSA and PWMA for monetary damages and penalties. The remaining allegations in this paragraph are conclusions of law and are therefore denied.

## **PARTIES**

5.     After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and the same are therefore denied and Plaintiffs are left to their proofs.

6.     After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and the same are therefore denied and Plaintiffs are left to their proofs.

7.     After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and the same are therefore denied and Plaintiffs are left to their proofs.

8.     Admitted.

9.     Defendant neither admits nor denies the allegations in this paragraph as they are conclusions of law to which no response is required.

10.     Defendant admits that in each of the past three years it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees.  Defendant neither admits nor denies the remaining allegations contained in this paragraph as they are conclusions of law to which no response is required.

11.     Defendant admits the named Plaintiffs are current employees of Defendant. Defendant denies the remaining allegations in this paragraph both factually and as conclusions of law.

12.      Defendant denies the allegations in this paragraph both factually and as conclusions of law.

## JURISDICTION AND VENUE

13.     Defendant neither admits nor denies the allegations in this paragraph as they are based on a statute, the language of which speaks for itself.  To the extent a response is deemed to be required, the allegations are conclusions of law to which no response is required.

14.     Defendant neither admits nor denies the allegations in this paragraph as they are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations.

15.     Defendant neither admits nor denies the allegations contained in this paragraph as they are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations.

16.     Defendant neither admits nor denies the allegations contained in this paragraph as they are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     This is an incorporation paragraph only to which no response is required.  To the extent a response is deemed to be required, Defendant incorporates its responses to paragraphs 1 through 16 above as though fully set forth herein.

18.     Defendant admits only that Plaintiffs are bringing this civil action against Defendant.  The allegations and damages demanded in the Complaint speak for themselves.

19.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

20.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

21.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

22.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

## OVERTIME CLASS ALLEGATIONS

23.     This is an incorporation paragraph only to which no response is required.  To the extent a response is deemed to be required, Defendant incorporates its responses to paragraphs 1 through 22 above as though fully set forth herein.

24.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

25.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

26.     Defendant denies the allegations in this paragraph and its subparts both factually and as conclusions of law.

27.     Defendant admits the named Plaintiffs are currently employed by Defendant. Defendant denies the remaining allegations in this paragraph both factually and as conclusions of law.

28.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

29.     After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and the same are therefore denied and Plaintiffs are left to their proofs.

30.    Defendant denies the allegations in this paragraph and its subparts both factually and as conclusions of law.

31.    Defendant denies the allegations in this paragraph both factually and as conclusions of law.

## FACTUAL BACKGROUND

32.    This is an incorporation paragraph only to which no response is required.  To the extent a response is deemed to be required, Defendant incorporates its responses to paragraphs 1 through 31 above as though fully set forth herein.

33.    Defendant admits that Plaintiff Burton began his employment with Defendant in or around November 2021.  Defendant denies that he worked as a Janitor and/or Custodial Staff. Defendant Burton works as a Floater.

34.    Defendant admits that Plaintiff Clemons began his employment with Defendant in May 2022.  Defendant denies that he worked as a Janitor and/or Custodial Staff.  Defendant Clemons works as a Temporary Custodian.

35.    Defendant admits that Plaintiff Burton began his employment with Defendant in or around November 2021.  Defendant denies that he worked as a Janitor and/or Custodial Staff. Defendant Burton works as a Floater.

36.    Defendant admits only that the named Plaintiffs are hourly employees. Defendant denies the remaining allegations in this paragraph both factually and as conclusions of law.

37.    Admitted.

38.    Defendant admits only that the named Plaintiffs work at one or multiple locations per day.  Defendant denies the remaining allegations in this paragraph of the Complaint.

39.    Admitted.

40.     Defendant denies the allegations in this paragraph of the Complaint.

41.     The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself. Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

42.     The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself. Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

43.     The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself. Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

44.     The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself. Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

45.     The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself. Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

46.     The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself. Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

47.     The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself. Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

48.    The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself.  Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

49.    The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself.  Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

50.    The allegations in this paragraph of the Complaint refer to a document, the content of which speaks for itself.  Defendant denies the allegations in this paragraph to the extent that they contradict or mischaracterize the document referenced herein.

51.    Defendant denies the allegations in this paragraph both factually and as conclusions of law.

52.    Defendant denies the allegations in this paragraph both factually and as conclusions of law.

32.    Defendant denies the allegations in this paragraph both factually and as conclusions of law.[1]

53.    Defendant denies the allegations in this paragraph both factually and as conclusions of law.

54.    Defendant admits the named Plaintiffs are paid on an hourly basis and were paid on an hourly basis during the time period referenced in the Complaint.  The remaining allegations in this paragraph are conclusions of law to which no response is required.

55.    Defendant admits the allegations in this paragraph as to the named Plaintiffs only. The remaining allegations are denied.

---

[1] This paragraph of Plaintiffs' Complaint is misnumbered as 32.  Defendant mirrored Plaintiffs' misnumbering to avoid confusion.

56.     Defendant neither admits nor denies the allegations in this paragraph as they are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations.

57.     Defendant admits the allegations in this paragraph as to the named Plaintiffs only. The remaining allegations are denied.

58.     Defendant neither admits nor denies the allegations contained in this paragraph as they are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations.

59.     Defendant neither admits nor denies the allegations contained in this paragraph as they are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations.

60.     Defendant neither admits nor denies the allegations contained in this paragraph as they are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations as conclusions of law.

61.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

62.     This is an incorporation paragraph only to which no response is required.  To the extent a response is deemed to be required, Defendant incorporates its responses to paragraphs 1 through 61 above as though fully set forth herein.

8

63.     Defendant neither admits nor denies the allegations in this paragraph as they are based on a statute, the language of which speaks for itself.  To the extent a response is deemed to be required, the allegations are conclusions of law to which no response is required.

64.     Defendant neither admits nor denies the allegations contained in this paragraph as they are based on a statute, the language of which speaks for itself.  To the extent a response is deemed to be required, the allegations are conclusions of law to which no response is required.

65.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

66.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

67.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

68.     Defendant denies the allegations in this paragraph both factually and as conclusions of law.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiffs.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

69.     This is an incorporation paragraph only to which no response is required.  To the extent a response is deemed to be required, Defendant incorporates its responses to paragraphs 1 through 68 above as though fully set forth herein.

70.      Defendant neither admits nor denies the allegations in this paragraph as they are based on a statute, the language of which speaks for itself.  To the extent a response is deemed to be required, the allegations are conclusions of law to which no response is required.

71.      Defendant neither admits nor denies the allegations contained in this paragraph as they are based on a statute, the language of which speaks for itself.  To the extent a response is deemed to be required, the allegations are conclusions of law to which no response is required.

72.      Defendant denies the allegations in this paragraph both factually and as conclusions of law.

73.      Defendant denies the allegations in this paragraph both factually and as conclusions of law.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiffs, Defendant asserts the following affirmative defenses:

1.      Plaintiffs' Complaint in whole and each count individually fails to state a claim upon which relief can be granted.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

2.      Defendant did not breach or violate any duty to or right of Plaintiffs under any state or federal statute or law. At all material times, Defendant complied with the governing laws, statutes and policies in dealing with Plaintiffs.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

3. Plaintiffs were not deprived of any rights created or recognized by any state or federal law at any time during their employment with Defendant.

4. Plaintiffs' claims are barred in whole or in part to the extent that the work Plaintiffs performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or Pennsylvania law, including those provided for in 29 U.S.C §§ 207, 213. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

5. Defendant, at all times, acted in good faith to comply with the FLSA and Pennsylvania law and with reasonable grounds to believe that its actions did not violate the FLSA and/or Pennsylvania law as a defense to any claim by Plaintiffs for liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

6. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or Pennsylvania law, Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260. This defense also may apply to claims of some or all of the class of allegedly similarly situated persons.

7. Plaintiffs do not satisfy all or some of the requirements of Rule 23 of the Federal Rules of Civil Procedure, and, thus, this action cannot be maintained as a class action.

8. There being no appropriate class representative, Plaintiffs' collective and class action allegations must be stricken, and the collective and class action claims dismissed.

9. This case may not be maintained as a collective action because Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons whom Plaintiffs purport to represent and, thus, Plaintiffs cannot satisfy the requirements under 29 U.S.C. § 216.

11

10.     Some or all of the individuals who may join any alleged collective action, or who are part of any alleged class were not "employees" of Defendant as defined by the FLSA and/or PMWA.

11.     Defendant does not or did not employ some or all of the individuals who may join any alleged collective action, or who are part of any alleged class.

12.     To the extent applicable, Plaintiffs' claims are barred by the doctrines of waiver, release, estoppel, and/or unclean hands.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

13.     Even if Defendant, in fact, failed to pay Plaintiffs appropriately for any of the activities alleged in the Complaint, which Defendant denies, to the extent that such activities do not constitute compensable work under the FLSA or other applicable state laws, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment, they are not compensable. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

14.     Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs was engaged in activities which were preliminary to Plaintiffs' principal activities or incidental to them.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

15.     To the extent that discovery reveals that Plaintiffs falsely reported their hours, and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiffs to falsely report their hours; and no evidence that Defendant knew or should have known that Plaintiffs were providing false information as to their hours, Defendant

hereby invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs.

16.     Plaintiffs' action is barred because they seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

17.     Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek at a rate no less than that set forth by the overtime provisions of the FLSA and/or any Pennsylvania state law.

18.     Without assuming the burden of proof, Defendant complied with all recordkeeping requirements of the FLSA and/or any Pennsylvania state law.

19.     Plaintiffs are not entitled to an award of prejudgment interest if Plaintiffs prevail on any or all of their stated claims. This defense also may apply to claims of some or all of the class of allegedly similarly situated persons.

20.     The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

21.     Plaintiffs' claims are barred by their own consensual and/or intentional and/or negligent acts and/or omissions.

22.     Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, or neglected to mitigate or avoid the damages complained of in the Complaint. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

23.     This action cannot be certified, and supplemental or other jurisdiction should not be exercised over Plaintiffs' Pennsylvania Labor Law claims.

13

24. Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice or procedure promulgated or tolerated by Defendant. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

25. Assuming, *arguendo,* that Defendant violated any provision of the FLSA or Pennsylvania law, such violation was not pursuant to a uniform policy or plan. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

26. Assuming *arguendo*, Plaintiffs are entitled to recover additional compensation for Plaintiffs, Defendant has not willfully or intentionally failed to pay such additional compensation, and, as such, the remedies available to Plaintiffs or the purported class are appropriately limited thereby.

27. Defendant has not willfully failed to pay Plaintiffs any wages or monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendant's obligation to pay any sum that may be alleged to be due. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

28. The Complaint as a whole and each count fails to state a claim for compensatory damages, declaratory relief or any other damages or relief, nor are Plaintiffs entitled to any damages or relief under the governing law or the facts herein. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

29. Plaintiffs' claims are insufficient to entitle them to an award of attorneys' fees and costs. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

30. If Plaintiffs suffered any damages or losses, which Defendant denies, such damages or losses were not proximately caused by any unlawful acts or omissions of Defendant, but were

caused in whole or in part by Plaintiffs' own acts, omissions or conduct, or by the acts, omissions or conduct of third parties other than that of Defendant about which Defendant had no prior knowledge and for whom it is not legally responsible. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

31. Plaintiffs are not entitled to an award of prejudgment interest if Plaintiffs prevail on any or all of their stated claims. This defense also may apply to claims of some or all of the class of allegedly similarly situated persons.

32. One of more of Plaintiffs' claims may be barred by the applicable statute of limitations. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

33. Plaintiffs' Complaint and each count individually is frivolous and not based on good faith and is without foundation and thus Defendant is entitled to recover its reasonable attorneys' fees and costs in defending this action.

Defendant reserves the right to assert additional defenses and/or supplement, alter and change its Answer to Plaintiffs' Complaint upon the revelation of more definite facts by the various parties to this suit and third-party witnesses.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiffs.

## **JURY DEMAND**

Defendant hereby demands a trial by jury on all issues.

Respectfully submitted,

**KAUFMAN DOLOWICH LLP**

By:    *s/Gregory S. Hyman*
Gregory S. Hyman, Esq.
Kyle I. Platt Esq.
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, PA 19103
(267) 841-5908
(215) 405-2973 (Fax)
ghyman@kaufmandolowich.com
kyle.platt@kaufmandolowich.com

Dated:  May 5, 2025

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LARRY BURTON et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : Civil Action No.  2:25-cv-01185 |
| TEAM CLEAN INC., | : |
| | : |
| Defendant. | : |
| | : |

**CERTIFICATE OF SERVICE**

I, Kyle I. Platt, Esq., hereby certify that a true and correct copy of Defendant Team Clean Inc.'s Answer with Affirmative Defenses and Jury Demand to Plaintiffs' Complaint was served via the court's ECF system upon all Counsel of record.

**KAUFMAN DOLOWICH LLP**

By:    */s/  Kyle I. Platt*
      Kyle I. Platt, Esq.

Dated:  May 5, 2025